UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN DYE,

          Plaintiff,

v.

CITY OF WARREN, et al.,

          Defendants.

_____/

CIVIL ACTION NO. 09-12504

DISTRICT JUDGE DENISE PAGE HOOD

MAGISTRATE JUDGE DONALD A. SCHEER

**REPORT AND RECOMMENDATION**

I.    **RECOMMENDATION**:

      I recommend that Defendants' Renewed Motion to Dismiss for Failure to Comply With Court Order or to Compel Discovery and Award Sanctions be granted, and that this case be dismissed, with prejudice.

II.    **REPORT**:

     A.    **Procedural and Factual History**

      Plaintiff filed this action in the Macomb County Circuit Court, State of Michigan, on June 17, 2009. Three of the five counts in the Complaint seek relief under 42 U.S.C. §1983 for alleged violations of Plaintiff's Civil Rights. Defendants removed the case to this court on June 24, 2009, and their Answer was filed on the same date. A Scheduling Order was entered by the district judge on July 27, 2009.

      On September 4, 2009, Defendants filed a Motion to Compel Discovery. That Motion was referred to the undersigned magistrate judge on September 9, 2009. A hearing was conducted on September 29, 2009, and an Order issued directing Plaintiff to comply with discovery. An attorney fee sanction was also levied, and Plaintiff was advised that

continued failure to comply with discovery would result in a Report and Recommendation that his claims be dismissed.

On November 12, 2009, Defendants filed a Motion to Dismiss for failure to comply with the Compulsion Order. That Motion was also referred to the magistrate judge. A hearing was conducted on December 8, 2009, and the Motion was granted in part by an Order of December 8, 2009. That Order directed Plaintiff to serve full and complete responses to Defendants' First Request for Production of Documents and Tangible Things within twenty (20) days. All objections were deemed waived, with the sole exception of those based upon privilege. Plaintiff was ordered to pay Defendants' attorney fees and costs in connection with the preparation and prosecution of the Motion. Plaintiff was specifically advised that his failure to comply would result in a recommendation for dismissal of the case.

On January 18, 2010, Defendants filed their Renewed Motion to Dismiss for failure to comply with the previous Orders of court. That Motion was also referred to the magistrate judge. Plaintiff filed no Response to the Motion.[1] Defendants' Supplemental Brief asserted that Plaintiff had neither provided the discovery responses required of him under the previous Orders, nor paid any amounts toward the attorney fee awards previously imposed. In addition, Plaintiff failed to appear for a properly noticed deposition on February 2, 2010.

---

[1] It should be noted that Plaintiff's counsel has routinely ignored his obligation to file a Response to any contested Motion.

A Settlement Conference before the magistrate judge was noticed for February 3, 2010. Counsel for Defendants appeared, with full settlement authority, as required by the court's notice. Neither Plaintiff nor his counsel appeared for the conference.

**B.    Analysis**

Federal Rule of Civil Procedure 37(b)(2) permits a court to enter an order of dismissal against a party who fails to obey an order to provide or permit discovery. Courts have traditionally required that the ultimate sanction of dismissal be imposed only "if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." Patton v. Aerojet Ordnance Co., 765 F.2d 604, 607 (6th Cir. 1985). In Regional Refuse Systems, Inc. v. Inland Reclamation Co., 842 F.2d 150 (6th cir. 1988), the court held that, where a party has the ability to comply with a discovery order, yet does not, dismissal is not an abuse of discretion, even where willfulness or bad faith is not shown. The burden of proof is on the dismissed party to establish "that the failure to comply was due to inability, and not willfulness, bad faith or fault." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 629, 642 (1976).

The court in Regional Refuse listed four factors which a court must consider in determining the appropriateness of dismissal or default as a consequence of discovery abuses. Those factors are: 1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith or fault; 2) whether the adversary was prejudiced by the offending party's failure to cooperate in discovery; 3) whether the offending party was warned that failure to cooperate could lead to dismissal; and 4) whether less dramatic sanctions were imposed or considered before dismissal was ordered. 842 F.2d at 155.

All of the <u>Regional Refuse</u> factors are satisfied in this case. Plaintiff has done virtually nothing to advance his case since the filing of his Complaint. His responses to Defendants' initial discovery requests were unsworn and pitifully inadequate. Defendants have filed three motions in an effort to secure discovery compliance and/or dismissal. Plaintiff's counsel has failed to respond in writing to any of those motions, though he did appear for two hearings, unprepared to provide an adequate argument or explanation. Plaintiff failed to comply with two court Orders compelling discovery compliance and sanctions.  In addition, he and his counsel have failed to appear at a properly noticed Settlement Conference. The prejudice to Defendants resulting from Plaintiff's total lack of cooperation in patent. It is beyond question that Defendants were entitled to basic information concerning the claims in the Complaint. Plaintiff has totally failed to meet his obligation to provide that information, despite two Orders of the court directing him to take remedial action. Plaintiff, through his counsel, was twice warned that his failure to cooperate could lead to dismissal of his Complaint. Finally, two Orders imposing the lesser sanction of paying Defendants' attorneys fees have been ignored. All of the factors essential to an Order for Dismissal are fully satisfied, and Plaintiff has provided no evidence of his inability to meet his obligations in this case. I have rarely seen a case so indifferently prosecuted as this one has been. Accordingly, I recommend that the Complaint be dismissed, with prejudice.

III.     **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure

to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: April 19, 2010

_____

## CERTIFICATE OF SERVICE

I hereby certify on April 19, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 19, 2010: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217